**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| OSCAR DILLON III,                )<br>                                               )<br>            Petitioner,            )<br>                                               )<br>vs.                                          )<br>                                               )<br>SHANNON WOLF                 )<br>                                               )<br>            Respondent.           )   | Case No. 20-cv-479-SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Oscar Dillon III, a federal pretrial detainee currently being held at the Randolph County Jail in Chester, Illinois, filed this habeas corpus action pursuant to 28 U.S.C. § 2241. In the Petition (Doc. 1), Dillon complains about the conditions of his confinement, the threat of COVID-19, his detention after an (unaccepted) plea offer amounting to time served, and a speedy trial violation. He seeks injunctive relief in the form of an immediate release.

This matter is now before the Court for review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives the Court the authority to apply the Rules to other habeas corpus cases.

## The Petition

Dillon is currently being held at the Randolph County Jail awaiting trial in the United States District Court for the Eastern District of Missouri in *United States v. Dillon*, 4:15-cr-404-HEA

1

("Pending Case"). He has been charged with offenses related to a large drug case, including Drug Conspiracy, Obstruction of Justice, Unlawful Flight to Avoid Prosecution and Money Laundering. (Pending Case, Doc. 1990 pp. 41-44). He was recently acquitted in another case in the Eastern District of Missouri, 4:17-cr-95-RWS.

Dillon's Petition (Doc. 1) is scattershot to say the least: He alleges an Eighth Amendment violation because upon being moved to Randolph County Jail in March 2019, he informed the staff of an infected tooth but was required to wait until January 2020 to have it removed (Doc. 1, p. 6); He claims that his Fourteenth Amendment rights have been violated because he has not had any recreation in 14 months (*Id.*, p. 7); He alleges that he is at risk from COVID-19 infection because there is no testing, no inmates wear masks, the staff fail to wear masks and gloves at all times, and inmates share a shower (*Id.*); He asserts that the order entered by the Chief Judge of the Eastern District of Missouri "making all times excludable until May 31, 2020" is a violation of his Sixth Amendment rights (*Id.*); He alleges a violation of his Fifth Amendment rights due to prosecutorial misconduct in the Pending Case (*Id.*); and he claims that a plea offer which would allow his immediate release means that the Government is "arbitrarily opposing" his release for COVID-related concerns (*Id.*, p. 6).

## Discussion

### Medical Treatment and Conditions of Confinement

Dillon's claims related to his medical treatment and conditions of confinement are not habeas claims and cannot be pursued in a § 2241 petition. A petition for a writ of habeas corpus is the proper vehicle "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody – whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation, or the run of the prison in contrast to the

approximation to solitary confinement that is disciplinary segregation." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). If a prisoner is not challenging the fact of his confinement, but instead the conditions under which he is being held, he must bring the claim in a civil rights action under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Glaus v. Anderson*, 408 F.3d 382, 386 (7th Cir. 2005). This is the case regardless of the fact that a petitioner asks for release due to the conditions. *Id.*

While courts have in the past construed a mistakenly labeled habeas corpus petition as a civil rights complaint, *see, e.g., Graham*, 922 F.3d at 381-82, the Seventh Circuit Court of Appeals has made it clear that this practice is improper. *Bunn v. Conley*, 309 F.3d 1002, 1007 (7th Cir. 2002). This is particularly true where conversion of the case may lead to unfavorable consequences for the petitioner under the Prison Litigation Reform Act. *See Bunn*, 309 F.3d at 1007. Here, such consequences could include those associated with possible exhaustion defenses, the failure to name the correct defendants, the potential for a "strike" under 28 U.S.C. § 1915(g), and Dillon's ability to pay the proper filing fee for that action (presently $400.00) as opposed to the fee for a petition for writ of habeas corpus (presently $5.00). As such, this Court will not re-characterize the instant habeas petition as a Complaint for a civil rights action, and it offers no opinion regarding the merits of those claims.

## Prosecutorial Misconduct

Dillon alleges a Fifth Amendment violation in his pending criminal case as a result of testimony by the "Government's start witnesses" and false testimony by an officer in the grand jury proceeding. (Doc. 1, p. 7). He urges this Court "not to characterize an attempt to challenge his ongoing Federal criminal cases" but to instead construe his allegations as a demonstration that

his continued detention is arbitrary. (*Id.*, p. 8). The Court declines this invitation – challenging his pending case is exactly what Dillon is doing.

Dillon filed several motions to dismiss in the Pending Case on these same and related grounds; they were recently denied. (Pending Case, Docs. 2586 and 2646). This is not an appellate court, and it will not sit in direct review of the Eastern District of Missouri's ruling. A petition for habeas relief cannot be used to circumvent the criminal appeal process. *See United States v. Addonizio*, 442 U.S. 178, 184 n.10 (1979) (A "writ of habeas corpus should not do service for an appeal.... This rule must be strictly observed if orderly appellate procedure is to be maintained."). If Dillon is dissatisfied after the Pending Case is resolved, he may file a direct appeal in the Eighth Circuit.

## Denial of Release Pending Trial

Similarly, this Court will not entertain what amounts to an appeal of a ruling in the Pending Case denying him release due to COVID-19. Dillon filed a Motion to Reconsider the Denial of his Motion for Release and Renewed Motion for Release Based Upon Serious Health Concerns (Pending Case, Doc. 2611). He asserted that his health conditions, including chest pains, prehypertension and high cholesterol, made him particularly vulnerable to COVID-19 and that he should therefore be released from Randolph County Jail pending trial. (*Id.*). United States Magistrate Judge Patricia L. Cohen ruled on the Motion and denied it. (Pending Case, Doc. 2659). As the Seventh Circuit very recently reiterated, a federal detainee's request for release pending trial can be considered under only the Bail Reform Act, and not a § 2241 petition. *Fredrickson v. Terrill*, 957 F.3d 1379 (7th Cir. 2020). Under the Bail Reform Act, a challenge to a magistrate judge's determination of detention must be brought before "the court having original jurisdiction

over the offense"—in this case, a District Judge in the Eastern District of Missouri. As such, this ground does not support relief.

## Sixth Amendment Speedy Trial Claim

Dillon also asserts a Sixth Amendment Speedy Trial claim related to Chief Judge Rodney W. Sippel's March 17, 2020 Order continuing all civil and criminal trials scheduled to begin before May 31, 2020 and finding that the period between the date of the Order and May 31, 2020 was excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A).[1] Speedy trial claims have two potential bases: The Speedy Trial Act and the Sixth Amendment itself. Dillon filed a motion to dismiss in the Pending Case on both grounds. (Pending Case, Doc. 2453). District Judge Henry E. Autrey adopted the Report and Recommendation of the magistrate judge that the Motion be denied, as the case was designated "complex" as defined in the Speedy Trial Act and is therefore not subject to its limitations (see 18 U.S.C. § 3161(h)(7)(B)(ii)), and the delays did not violate Dillon's broader Sixth Amendment rights under Eighth Circuit jurisprudence. (Pending Case, Docs. 2586 and 2646).

Again, "[a] federal pretrial detainee cannot use § 2241 to preempt the judge presiding over the criminal case." *Williams v. Hackman*, 364 F. App'x 268, 268–69 (7th Cir. 2010) (*citing Jones v. Perkins*, 245 U.S. 390, 391-92 (1918), *Fassler v. United States*, 858 F.2d 1016, 1018-19 (5th Cir.1988) *and United States v. Pipito*, 861 F.2d 1006, 1009 (7th Cir. 1987)).

## Plea Offer

Finally, Dillon asserts a claim under the Eighth Amendment that the Government is arbitrarily opposing his release. He points to a plea offer by the Government in his case which

---

[1] Available at https://www.moed.uscourts.gov/sites/moed/files/documents/news/Order-03172020.pdf

5

would allegedly allow him to be released immediately with time served.  These allegations do not support a cognizable basis for habeas relief.

### Request for Temporary Restraining Order and Preliminary Injunction

Plaintiff states that his health concerns "necessitate[] [a] Temporary Restraining Order and Preliminary Injunction seeking an immediate release."  (Doc. 1, p. 8).  To obtain injunctive relief through a TRO or preliminary injunction, a party must demonstrate that (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) he will suffer irreparable harm without the relief.  *Merritte v. Kessel*, 561 F. App'x 546, 548 (7th Cir. 2014) (*citing Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007)).  As discussed above, Dillon has no likelihood of success on the merits in this matter.  As such, his request for TRO and preliminary injunction are **DENIED**.

### Disposition

For the foregoing reasons, the habeas petition is **DENIED** and the case **DISMISSED without prejudice**.

If Petitioner wishes to appeal this Order, he must file a notice of appeal with this Court within the time allotted in FED. R. APP. P. 4(a)(1)(A).  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.  Petitioner must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis*. *See* FED. R. APP. P. 24(a)(1)(C).

If Petitioner chooses to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2);

*Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: June 18, 2020**

/s/ Staci M. Yandle  
**STACI M. YANDLE**  
**U.S. District Judge**