IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OSCAR DILLON III, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 20-cv-479-DWD |
| SHANNON WOLF | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

This matter is before the Court on Petitioner Oscar Dillon III's Reconsideration Motion Pursuant to Federal Rule of Civil Procedure 59(e) (Doc. 7) as well as three related motions, a Motion to Supplement (Doc 8), a Motion for leave to Attach Addendum (Doc. 9) and a Motion for Leave to File Petition for a Writ of Mandamus (Doc. 12).[1] The Court previously denied Dillon's Petition under 28 U.S.C. § 2241 and dismissed the case without prejudice. (Doc. 5).

While the Federal Rules of Civil Procedure do not explicitly contemplate motions to reconsider, such motions are routinely filed and generally construed as Motions to Alter or Amend an Order or Judgment under Fed. R. Civ. P. 59(e). *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *U.S. v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1992). Dillon's Motion

---

[1] Petitioner subsequently filed a Notice of Appeal. (Doc. 14). This Court retains jurisdiction to decide the Rule 59 Motion and the related motions. *See*, Fed. R. App. P. 4(a)(4).

1

was filed within 28 days of the entry of judgment and will be considered under Rule 59(e). *Banks v. Chicago Board of Education*, 750 F.3d 663, 666 (7th Cir. 2014).

Rule 59(e) allows a court to alter or amend a judgment in order to correct manifest errors of law or fact or to address newly discovered evidence. *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008). However, "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

## Background

Dillon is currently being held at the Randolph County Jail awaiting trial in the United States District Court for the Eastern District of Missouri in *United States v. Dillon*, 4:15-cr-404-HEA ("Pending Case"). Dillon's Petition (Doc. 1) was scattershot to say the least. He alleged an Eighth Amendment violation because upon being moved to Randolph County Jail in March 2019, he informed the staff of an infected tooth but was required to wait until January 2020 to have it removed (Doc. 1, p. 6). He claimed that his Fourteenth Amendment rights have been violated because he has not had any recreation in 14 months (*Id.*, p. 7). He alleged that he is at risk from COVID-19 infection because at the Randolph County Jail there is no testing, no inmates wear masks, the staff fail to wear masks and gloves at all times, and inmates share a shower. (*Id.*). He argued that the order entered by the Chief Judge of the Eastern District of Missouri "making all times excludable until May 31, 2020" due to the COVID situation was a violation of his Sixth Amendment rights. (*Id.*). He alleged a violation of his Fifth Amendment rights due to prosecutorial misconduct in the Pending Case (*Id.*) and he claims that a plea offer which

2

would allow his immediate release means that the Government is "arbitrarily opposing" his release for COVID-related concerns (*Id.,* p. 6).

Dillon's Petition was dismissed on a variety of grounds. The claims related to a lack of medical care and the conditions of his confinement were found to be correctly characterized as civils rights claims, notwithstanding the fact that he requested a quantum change in his level of custody as relief. Moreover, the COVID-19-related claims—along with prosecutorial misconduct, Speedy Trial, denial of release pending trial argument— were already brought in the Eastern District of Missouri and rejected. Finally, the claim related to an alleged plea offer was found to afford no basis for relief.

### Motions to Supplement, Motion for Leave to Attach Addendum and Motion for Leave to File Petition for Writ of Mandamus

The Motion to Supplement (Doc. 8) simply seeks to add more argument in support of the Rule 59 Motion. The Court **GRANTS** the Motion to Supplement (Doc. 8) and will consider the arguments set forth therein.

The Motion for Leave to Attach Addendum (Doc. 9) seeks leave to attach a copy of the order on preliminary review from another case filed in this district, *Pierre Watson v. Shannon Wolf,* Case No. 20-cv-545-DWD. That motion is **DENIED**. The *Watson* preliminary review order has no relevance here, as the cases are factually and legally distinct.[2]

---

[2] The Court also notes that Judge Rosenstengel dismissed Watson's Petition. See *Watson*, 20-cv-545, Doc. 24 (September 21, 2020).

The Motion for Leave to File Petition for Writ of Mandamus (Doc. 12) is **DENIED**. As an initial matter, the Motion for Leave is unsigned and therefore violates Federal Rule of Civil Procedure 11(a). ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented."). More to the point, Dillon's proposed Petition for Writ of Mandamus- though itself signed- is deficient on its face. It requests no relief. It does not identify who he seeks to compel, nor what duty he wants performed. It basically reiterates events of this case and Dillon's attempts to intervene in *Watson*, as well as rehashing his arguments regarding prosecutorial misconduct in the Pending Case. It is not a Petition for Writ of Mandamus, and therefore leave to file it is denied.

## Motion for Reconsideration

Dillon is detained under an order entered in his pending criminal case in the Eastern District of Missouri. He has repeatedly challenged his detention in that case. In fact, he appealed the denial of his renewed motion for release to the Eighth Circuit, which affirmed the denial in August 2020. (Pending Case, Doc. 2743).

The Reconsideration Motion, as supplemented in Doc. 8, does not raise any new arguments or demonstrate that the Court erred in dismissing the Petition. Rather, he mostly rehashes the same points previously rejected and states his disagreement with the Court's conclusions. This does not demonstrate manifest error. See *Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014).

Dillon is correct that the Seventh Circuit has recognized that the Supreme Court "left the door open a crack" for prisoners to use habeas corpus to challenge a condition

of confinement, possibly when the claim directly or indirectly involves the duration of their confinement.  See *Robinson v. Sherrod*, 631 F.3d 839, 840 (7th Cir. 2011).  However, the Seventh Circuit has never stepped through that door, and this would not be the case to do so in any event.  The fact that Dillon requests release as his remedy does not automatically mean that the duration of his confinement is at issue.  See *Glaus v. Anderson*, 408 F.3d 382, 386-7 (7th Cir. 2005) (Holding that release from confinement was not an available remedy to Petitioner for his conditions of confinement claim, and that his request for release as a remedy did not render it a habeas case).  He complains about the conditions and risks at the Randolph County Jail.  While COVID-19 is widespread, the risky behaviors he identifies pertain to that facility.  As such, the appropriate injunctive remedies range from an order to cease those risky behaviors to transferring Dillon to a facility where they are not present.  Although COVID-19 poses unique issues and challenges to facilities holding pretrial detainees, Dillon's complaints still fall squarely in the realm of traditional conditions-of-confinement civil rights claims and out of habeas relief.

Although he denies it, it is clear that Dillon is asking this Court to review the Eastern District of Missouri's decision to detain him pending trial.  The arguments that Dillon makes here for release, including his concerns about exposure to COVID-19, have been considered and rejected by the Eastern District of Missouri and affirmed by the Eighth Circuit Court of Appeals. This Court cannot review that decision- as noted in the Court's original Order, a federal detainee's request for release pending trial can be considered under only the Bail Reform Act, and not a § 2241 petition.  *Fredrickson v. Terrill*,

957 F.3d 1379 (7th Cir. 2020).  Under the Bail Reform Act, a challenge to a magistrate judge's determination of detention must be brought before "the court having original jurisdiction over the offense"—in this case, a District Judge in the Eastern District of Missouri.  Dillon utilized that route and lost, and cannot use this Court to circumvent that outcome.  See *United States v. Addonizio*, 442 U.S. 178, 184 n.10 (1979) (A "writ of habeas corpus should not do service for an appeal.... This rule must be strictly observed if orderly appellate procedure is to be maintained.").

## Disposition

The Motion to Supplement (Doc 8) is **GRANTED**. The Motion for Leave to Attach Addendum **(Doc. 9)** is **DENIED**.  The Reconsideration Motion Pursuant to Federal Rule of Civil Procedure 59(e) **(Doc. 7)** is **DENIED**.  Dillon's Motion for Leave to File Petition for a Writ of Mandamus (Doc. 12) is **DENIED.**

**IT IS SO ORDERED.**

**DATE:  October 30, 2020**

_____
**DAVID W. DUGAN**
United States District Judge

6