IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OSCAR DILLON III, | ) |
| Petitioner, | ) ) ) |
| vs. | ) ) Case No. 20-cv-479-DWD |
| SHANNON WOLF | ) ) ) |
| Respondent. | ) ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

This matter is before the Court on Petitioner Oscar Dillon III's Motion to Set Aside Judgment (Doc. 21). The Court previously denied Dillon's Petition under 28 U.S.C. § 2241, dismissed the case without prejudice and subsequently denied his Motion to Reconsider. (Docs. 5, 20).

Dillon brings this Motion under Federal Rule of Civil Procedure 60(b). A court generally loses jurisdiction to decide motions filed after a notice of appeal has been filed. *Kusay v. United States*, 62 F.3d 192, 193–94 (7th Cir. 1995). The Seventh Circuit, however, recognizes a limited exception in cases of Rule 60(b), that permits a district court to deny a Rule 60(b) motion even if an appeal is pending. *Textile Banking Co., Inc. v. Rentschler*, 657 F.2d 844, 849 (7th Cir. 1981). Rule 60(b) permits a Court to vacate a final judgment on the following grounds:

(1) mistake, inadvertence, surprise, or excusable neglect;

1

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

FED. R. CIV. P. 60. Dillon requests relief under Rule 60(b)(6), which is available only in "extraordinary circumstances." *Buck v. Davis*, 137 S. Ct. 759, 777–78 (2017). In determining whether extraordinary circumstances are present, "a court may consider a wide range of factors," including in appropriate cases "the risk of injustice to the parties" and "the risk of undermining the public's confidence in the judicial process." *Id.* (quotations omitted).

Dillon's Motion is difficult to analyze, but the portions which are not duplicative of prior filings seem to argue either that the Court was obligated to consider his Petition "as he brought it" (Doc. 21, pp. 2-3), that the Court should have "made the appropriate conversion or recharacterization of the Petitioner's entitlement" (*Id.*, p. 6) or possibly both. The Court analyzed Dillon's claims and found that no relief was available as he brought it (under Section 2241) for a variety of reasons. Moreover, the Seventh Circuit Court of Appeals has made it clear that recharacterizing habeas petitions as 42 U.S.C. § 1983 claims is improper. *Bunn v. Conley*, 309 F.3d 1002, 1007 (7th Cir. 2002). The obligation to evaluate a case based on the authority under which it was brought (habeas

2

versus Section 1983) does not, however, mean that the Court is required to credit Dillon's bald assertions that he is not challenging the Eastern District of Missouri's decisions on the exact same issues presented here.

Here, Dillon has presented no extraordinary circumstances meriting relief. No injustice to the parties is at stake here—Dillon may bring his medical and conditions of confinement as Section 1983 claims in a separate case, and can continue to argue his right to release and prosecutorial misconduct claims in the Eastern District of Missouri and Eighth Circuit. Moreover, the only risk of undermining public confidence in the judicial process would be to do what Dillon is requesting: second-guess the Eastern District of Missouri's determinations regarding his continued detention, in contravention of the Bail Reform Act and the basic structure of judicial review.

## Disposition

The Motion to Set Aside Judgment (Doc. 21) is **DENIED**.

**IT IS SO ORDERED.**

DATE: **November 12, 2020**

_____
**DAVID W. DUGAN**
**United States District Judge**