IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OSCAR DILLON III, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 20-cv-479-DWD |
| SHANNON WOLF | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

This matter is before the Court on Petitioner Oscar Dillon III's Motion for Leave to Appeal *in forma pauperis* ("IFP"). (Doc. 23). The Motion is **DENIED**.

Dillon filed a Petition under 28 U.S.C. § 2241 seeking release from pretrial detention. (Doc. 1). The Court denied Dillon's Petition, dismissed the case without prejudice and subsequently denied his Motion to Reconsider and Motion to Set Aside Judgment. (Docs. 5, 20, 22).

Petitioner filed a Notice of Appeal (Doc. 14) and he now wishes to proceed on that appeal IFP.

A federal court may permit a party to proceed on appeal without full pre-payment of fees provided the party is indigent and the appeal is taken in good faith. 28 U.S.C. § 1915(a)(1) & (3); Fed. R. App. P. 24(a). Section 1915(a) requires a prisoner seeking leave to proceed IFP to provide the district court with (1) "an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor," and (2) "a certified copy of

1

the trust fund account statement (or institutional equivalent) for the prisoner for the 6–month period immediately preceding the filing of the complaint."[1] As an Dillon did not apply for IFP status previously in this case, Federal Rule of Appellate Procedure 24(a)(1) also requires that he include with his Motion an affidavit that:

(a) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;

(b) claims an entitlement to redress; and

(c) states the issues that the party intends to present on appeal.

Based on the information provided in the Notice of Appeal (Doc. 14) and the present Motion (Doc. 23), Dillon has failed to satisfy these requirements. He does not identify the issues that he intends to present on appeal. He simply states that he is "[a]ppealing the District Court's Order pursuant to Fed. R. Civ. P. Rule 59(e)." (Doc. 23, p. 1). That does not comply with Rule 24 and does not allow the Court to determine whether his appeal is taken in good faith.[2] Although *pro se* litigants are entitled to liberal construction of their pleadings and some "leniency ... on procedural matters[,]" *Otis v. Demarasse*, 886 F.3d 639, 644 (7th Cir. 2018), "it is also well established that pro se litigants are not excused from compliance with procedural rules." *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008). The Order that Dillon apparently wishes to challenge (Doc. 20) discusses several ways in which his Motion was inadequate to merit reconsideration of

---

[1] Although Dillon is a pretrial detainee, he is still considered a "prisoner" for purposes of the IFP portion of the Prison Litigation Reform Act ("PLRA"). See *Kalinowski v. Bond*, 358 F.3d 978, 979 (7th Cir. 2004) ("Pretrial detainees are prisoners for purposes of the PLRA because they are in custody while accused of ... violations of criminal law.") (quotation omitted).

[2] There is also an open question as to his indigence. Dillon has submitted an affidavit suggesting that he is indigent, but he has not filed the required certified copy of a trust fund statement. He states that he requested such a statement from the Randolph County Jail corrections officers and was refused. Were this the only flaw, the Court would directly order Randolph County Jail to provide a trust fund statement.

the dismissal of his Petition. The broad statement that he is challenging the Order as a whole provides no starting place to make a determination of good faith. As such, his Motion (Doc. 23) is **DENIED.** The Clerk of Court is **DIRECTED** to forward a copy of this Order to the Seventh Circuit Court of Appeals.

    **IT IS SO ORDERED.**

    DATE:  November 16, 2020

_____
**DAVID W. DUGAN**
**United States District Judge**